UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14328-BLOOM

MICHAEL L. HOGAN,

    Plaintiff,

v.

SGT. GORMAN, *et al.*,

    Defendants.

_____/

## ORDER REQUIRING AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Michael L. Hogan's *pro se* civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), ECF No. [1]. Plaintiff alleges, among other things, that while in a special observation housing cell, prison staff denied him meals and running water. He further alleges that prison staff handed him a sharp metal object, told him to kill himself, and then delayed medical care after Plaintiff cut himself 86 times. *See generally id.* Plaintiff is ordered to amend his Complaint in accordance with this Order.

### I.    BACKGROUND

Plaintiff's allegations take place during June 2021 when he was in the special observation status housing cell ("SHOS") in Delta dorm, Wing 1, Cell 122 (D1122) at the Martin Correctional Institution. ECF No. [1] at 2-3. He lists Sergeant Gorman, Sergeant Hamm, Officer Randt, and Officer Lawrence as Defendants. *Id.* at 2.

Plaintiff states that he was denied lunch, dinner, and running water in his cell over a five-day period, from June 19, 2021, to June 23, 2021. *Id.* at 2-4. He states that Defendants Gorman and Randt first denied him lunch and dinner on June 19, 2021. *Id.* at 2-3. Plaintiff further states

that Defendant Gorman called him a bitch and violated his confidentiality by sharing his personal information with other inmates in order to start problems. *Id.* at 3.

Plaintiff was again denied lunch and dinner by Defendants Gorman and Randt on June 20, 2021. *Id.* He also alleges that he was given a sharpened piece of metal by Defendant Gorman and told "why don't you kill yourself." *Id*. Plaintiff proceeded to cut himself 86 times resulting in serious injury. *Id.* Defendants Gorman, Randt, and Lawrence witnessed the cuts and bleeding every time they did their security checks but declined to provide medical treatment until after the shift change. *Id.*

On June 21, 2021, Plaintiff was released from SHOS status by a doctor. *Id.* at 4. However, Defendant Hamm refused to release Plaintiff. *Id.* Defendant Hamm reported that Plaintiff was waiting on housing. *Id.* When Plaintiff continued to inquire, Defendant Hamm declined to feed him lunch and dinner. *Id.*

On June 22, 2021, Plaintiff remained in the SHOS with no running water, and he was again denied lunch and dinner by Defendant Hamm. *Id.* at 4.

On June 23, 2021, Plaintiff was denied lunch, dinner, and running water by Defendants Gorman and Randt. *Id.* During a walk-through inspection, Colonel Colman witnessed five days of body waste in Plaintiff's toilet. *Id.* at 4-5. Plaintiff reported the lack of running water, denial of food, and continued detention in the SHOS to Colonel Colman. *Id.* at 5. Colonel Colman then ordered Defendants Gorman and Randt to turn on Plaintiff's water and give him his clothes and property. *Id.* Defendants Gorman and Randt did not follow the orders that day and Defendant Randt refused to give Plaintiff dinner. *Id.*

Defendant Gorman had his subordinate, Defendant Lawrence, write a false disciplinary report claiming that Plaintiff popped a sprinkler on June 19, 2021. *Id.* Plaintiff states that this false

report was used to justify his confinement. *Id.*

In addition to the 86 cuts, Plaintiff states that despite knowing that that he had a broken arm that preceded his stay in the SHOS, the defendants denied him pain medication and medical care. *Id.*

## II.   STANDARD OF REVIEW

Plaintiff has been granted permission to proceed in forma pauperis ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Pursuant to 28 U.S.C. § 1915(e)(2), a case is subject to dismissal if a court determines the action is: (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim for relief under § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* (citations omitted). Thus, the allegations in a complaint require more than mere labels and legal conclusions. *See Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019). However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott,* 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*,

760 F.3d 1165, 1169 (11th Cir. 2014).

### III. PLAINTIFF'S CLAIMS FOR RELIEF

Liberally construing Plaintiff's Complaint, Plaintiff raises the following claims for relief:

1. That Defendants Gorman, Hamm, Randt, and Lawrence acted with deliberate indifference to Plaintiff's serious medical needs, contrary to the Eighth Amendment, by delaying Plaintiff's access to medical care for his 86 cuts and broken arm. ECF No. [1] at 7.

2. That Defendants Gorman, Hamm, Randt, and Lawrence subjected Plaintiff to cruel and unusual punishment, contrary to the Eighth Amendment, by denying Plaintiff food and water for five days. *Id.* at 6.

3. That Defendants Gorman, Hamm, Randt, and Lawrence failed "to follow all rules, regulations, and laws of the Department of Corrections and State of Florida" by keeping Plaintiff housed in SHOS after he was released from that status. Plaintiff alleges this as an Eighth Amendment and Due Process violation. *Id.* 7.

4. That Defendant Lawrence violated Plaintiff's due process rights, contrary to the Fourteenth Amendment, by "falsifying state documents intentionally by writing multiple false disciplinary reports." *Id.*

5. That Defendants Gorman, Hamm, Randt, and Lawrence failed "to follow all rules, regulations, and laws pertaining to their job" constituting "malpractice under Florida Tort Law." *Id.* at 8.

6. That Defendants Gorman and Randt violated Florida Tort Law by sharing Plaintiff's confidential information "without need." *Id.*

7. That Defendant Gorman was negligent and deliberately indifferent to Plaintiff's status as a SHOS inmate, contrary to the Eighth Amendment and in violation of Florida Tort Law, by giving Plaintiff a metal object and telling him to kill himself. *Id.*

Plaintiff seeks declaratory relief, injunctive relief, compensatory, and punitive damages. *Id.* at 8-10.

### IV. DISCUSSION

#### A. Denial of Medical Care

Plaintiff, a convicted prisoner, contends that Defendants were deliberately indifferent to his serious medical needs and violated his Eighth Amendment rights. ECF No. [1] at 7. Plaintiff

correctly notes that the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To prevail on a claim of deliberate indifference to medical needs, a plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; (2) a subjective component, by showing the official acted with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See id.* at 104–05; *Mann*, 588 at 1306–07.

The objective component requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (1994) (citations omitted), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations and quotation marks omitted).

Under the subjective component, the prisoner must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer*, 511 U.S. at 834.

Plaintiff has stated a prima facie claim for deliberate indifference against Defendants

Gorman, Randt, and Lawrence. He alleges that after cutting himself 86 times resulting in serious injury, Defendants Gorman, Randt, and Lawrence witnessed the cuts and bleeding every time they did their security checks but declined to provide medical treatment until after the shift change. Plaintiff's claim against Defendants Gorman, Randt, and Lawrence for deliberate indifference to serious medical needs can proceed.

Plaintiff's allegations against Defendant Hamm are vague and conclusory. To avoid dismissal as a shotgun pleading, Plaintiff must allege each Defendant specifically participated in the alleged denial of medical care and provide sufficient detail of the alleged unconstitutional conduct. Plaintiff shall have one opportunity to amend this claim against Defendant Hamm.

### B. Denial of Food and Water

Plaintiff alleges that he was denied lunch, dinner, and running water in his cell by Defendant Hamm on June 21, 2022, and June 22, 2022, and by Defendants Gorman and Randt on June 19, 2021, June 20, 2021, and June 23, 2021. However, his allegations are vague and conclusory as to Defendant Lawrence. To avoid dismissal as a shotgun pleading, Plaintiff must allege each Defendant specifically participated in the alleged denial of his food and water and provide sufficient detail of the alleged unconstitutional conduct. Plaintiff shall have one opportunity to amend this claim against Defendant Lawrence.

As to Defendants Gorman, Hamm, and Randt, the Eighth Amendment imposes duties on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832.

Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. *Brown*, 387 F.3d at 1351. "[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d

1278, 1295 (11th Cir. 2004). "The challenged condition must be extreme" and must "pose an unreasonable risk of serious damage to [the prisoner's] future health or safety." *Id*. at 1289. Restrictive or harsh conditions alone do not rise to the level of an Eighth Amendment violation. *See Id*. The Eighth Amendment only guarantees that prisoners are provided with a "minimal civilized level of life's basic necessities." *Id*.

Second, under the subjective component, "the prisoner must show that the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue." *Id*. To satisfy this component, the prisoner must show that the prison officials had subjective knowledge of a risk of serious harm and disregarded that risk through conduct that is more than mere negligence. *Farrow*, 320 F.3d at 1245.

Plaintiff satisfies the objective and subjective components of an Eighth Amendment claim. Being denied lunch and dinner over a five-day period would violate the Eighth Amendment duty to provide adequate food. Likewise, a denial of running water, preventing the Plaintiff from flushing the toilet over a five-day period, would violate the Eighth Amendment duty to provide adequate shelter. Plaintiff has also alleged that Defendants Gorman, Hamm, and Randt deliberately choose not to feed him lunch and dinner and turned off the water in his cell. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Gorman, Hamm, and Randt for denial of food and water may proceed.

**C. Housing Status**

Plaintiff alleges that Defendants Gorman, Hamm, Randt, and Lawrence failed "to follow all rules, regulations, and laws of the Department of Corrections and State of Florida" by keeping Plaintiff housed in SHOS after he was released from that status. Plaintiff alleges this as an Eighth Amendment and Due Process violation.

The allegation of being designated with a certain housing status, without more, does not state a claim for a deprivation of a constitutional right. *See Farmer*, 511 U.S. at 832 (finding that restrictive or harsh conditions alone do not rise to the level of an Eighth Amendment violation). Plaintiff shall have one opportunity to amend this claim.

### D. Falsifying Disciplinary Reports

Plaintiff alleges that Defendant Lawrence falsified disciplinary reports. However, issuance of a false disciplinary report, standing alone, does not violate due process. *See Rodgers v. Singletary*, 142 F.3d 1252, 1252-53 (11th Cir. 1998). Moreover, Plaintiff does not make any allegations regarding the contents of the disciplinary reports or the process that was (or was not) afforded to him. ECF No. [1] at 7. To succeed on such a claim, Plaintiff would need to plausibly allege that he did not receive constitutional procedural safeguards such as the notice of the charges against him and notice of his rights during the investigations and hearings regarding the disciplinary proceeding. *See, e.g.*, *O'Bryant v. Finch*, 637 F.3d 1207, 1214 (11th Cir. 2011). Plaintiff has not made these allegations, offering only vague and conclusory assertions that fail to notify Defendant Lawrence of the claim against him. Plaintiff shall have one opportunity to amend this claim.

### E. Malpractice

Plaintiff also vaguely alleges that Defendants Gorman, Hamm, Randt, and Lawrence failed to follow the rules and regulations "pertaining to their job," constituting "malpractice under Florida Tort Law." ECF No. [1] at 8. Although Defendants' actions may constitute negligence (*see* Fla. Stat. § 768.28 (waiving sovereign immunity in tort actions within statute of limitations)), Plaintiff's allegations in this regard are conclusory and fail to give each Defendant adequate notice of each Defendant's allegedly negligent actions. Plaintiff shall have one opportunity to amend this

claim.

### F. Confidential Information

Plaintiff alleges that Defendants Gorman and Randt violated Florida Tort Law by sharing his confidential information "without need." ECF No. [1] at 8. Plaintiff does not state what confidential information was shared nor does he specify to whom it was shared. Plaintiff's allegations are vague and conclusory and fail to give each Defendant adequate notice of each Defendant's allegedly negligent actions. Plaintiff shall have one opportunity to amend this claim.

### G. Deliberate Indifference

Plaintiff alleges that while he was in the SHOS, Defendant Gorman told Plaintiff to kill himself and gave him a sharp metal object. Deliberate indifference "is a question of whether a defendant was deliberately indifferent to an individual's mental condition and the likely consequences of that condition." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1117 (11th Cir. 2005). Plaintiff has stated sufficient facts to plead a deliberate indifference claim against Defendant Gorman for Defendant's alleged actions in telling Plaintiff to kill himself and giving him a sharp metal object with which to do so. Although Plaintiff does not name this claim as a basis for relief, the Court is required to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), and the facts alleged give rise to a plausible claim for deliberate indifference in violation of the Eighth Amendment. However, because the Court grants Plaintiff leave to amend his entire Complaint, Plaintiff also may supplement this claim on replead.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before **October 20, 2022**, Plaintiff shall file an Amended Complaint, signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff shall be

Case No. 22-cv-14328-BLOOM

        provided a form complaint for use.

2.    A form complaint is attached to this Order. The Amended Complaint must:

    a.  be labeled "Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

    b.  be organized in separate paragraphs as to each defendant explaining what each defendant did and the supporting facts to show why the defendant is being sued.

    c.  be signed under the penalty of perjury and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3.    **Failure to file an Amended Complaint on time and in compliance with the Court's Order will result in dismissal of this case**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Michael L. Hogan, *Pro Se*
V21612
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013