UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14328-BLOOM

MICHAEL L. HOGAN,

    Plaintiff,

v.

SGT. GORMAN, *et al.*,

    Defendants.
_____/

## SCREENING ORDER

**THIS CAUSE** is before the Court on Plaintiff Michael L. Hogan's amended *pro se* civil rights complaint under 42 U.S.C. § 1983 ("Amended Complaint"), ECF No. [7]. Plaintiff alleges, among other things, that while in a special observation housing cell, prison staff denied him meals and running water. He further alleges that prison staff handed him a sharp metal object, told him to kill himself, and then delayed medical care after Plaintiff cut himself 86 times. *See generally id.* For the reasons set out below, this action shall proceed as to Plaintiff's individual capacity deliberate indifference claims against all Defendants.

**I.    BACKGROUND**

Plaintiff's allegations take place during June 2021 when he was "housed in Special Housing Observation Status (SHOS) Cell D1122" at the Martin Correctional Institution. *Id.* at 4.[1] He lists Sergeant Gorman, Sergeant Hamm, Officer Randt, and Officer Lawrence as defendants. *Id.* at 1, 4.

Plaintiff alleges that he was denied lunch, dinner, and running water in his cell over a five-

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

day period, from June 19, 2021, to June 23, 2021. *Id.* at 4-6. He states that Defendants Gorman, Randt, and Lawrence first denied him lunch and dinner on June 19, 2021. *Id.* at 4.

Plaintiff was again denied lunch and dinner by Defendants Gorman, Randt, and Lawrence on June 20, 2021. *Id.* He also alleges that he was given a sharpened piece of metal by Defendant Gorman and told "why don't you kill yourself." *Id*. Plaintiff proceeded to "cut himself 86 times, permanently mutilating himself and was left to die." *Id*. Defendants Gorman, Randt, and Lawrence witnessed the cuts and bleeding every time they did their security checks over a 4 to 6 hour period but declined to provide medical treatment. *See id.* 5-6. Plaintiff did not receive medical care until after Defendants Gorman, Randt, and Lawrence's shift ended. *See id.*

On June 21, 2021 and June 22, 2021, Defendant Hamm denied Plaintiff food and running water in his cell "making him unable to flush his toilet, clean himself, or drink anything." *Id.* at 5.

On June 23, 2021, Plaintiff was denied food and running water by Defendants Gorman, Randt, and Lawrence. *See id*. During a walk-through inspection, Colonel Colman witnessed "five days of body waste" in Plaintiff's toilet. *Id*. Plaintiff reported the denial of food and running water to Colonel Colman. *Id*. Colonel Colman ordered Defendants Gorman and Randt to turn on Plaintiff's water and give him his clothes and property. *Id.* Defendants Gorman and Randt did not follow the orders that day and Defendant Randt refused to give Plaintiff dinner. *Id.*

II.     **LEGAL STANDARD**

Plaintiff has been granted permission to proceed in forma pauperis ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Pursuant to 28 U.S.C. § 1915(e)(2), a case is subject to dismissal if a court determines the action is: (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such

2

relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim for relief under § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* (citations omitted). Thus, the allegations in a complaint require more than mere labels and legal conclusions. *See Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019). However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott,* 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

### III. PLAINTIFF'S CLAIMS FOR RELIEF

Liberally construing Plaintiff's Complaint, Plaintiff raises the following claims for relief:

1. That Defendants Gorman, Randt, and Hamm subjected Plaintiff to cruel and unusual punishment, contrary to the Eighth Amendment, by denying Plaintiff food and running water over a five-day period. *See* ECF No. [7] at 6.

2. That Defendants Gorman, Randt, and Lawrence acted with deliberate indifference to Plaintiff's serious medical needs, contrary to the Eighth Amendment, by delaying Plaintiff's access to medical care for his 86 cuts. *Id.* at 6.

3. That Defendant Gorman was negligent and deliberately indifferent to Plaintiff's status as a SHOS inmate, contrary to the Eighth Amendment and in violation of Florida Tort Law, by giving Plaintiff a metal object and telling him to kill himself. *Id.* at 7.

Plaintiff seeks compensatory and punitive damages. *Id.* at 7.

IV. **DISCUSSION**

**A. Denial of Food and Running Water**

Plaintiff, a convicted prisoner, alleges that he was denied lunch, dinner, and running water in his cell by Defendant Hamm on June 21, 2022, and June 22, 2022, and by Defendants Gorman and Randt on June 19, 2021, June 20, 2021, and June 23, 2021. As to these three Defendants, the Eighth Amendment imposes duties on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. *Id*. "[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Id*. at 1295. "The challenged condition must be extreme" and must "pose an unreasonable risk of serious damage to [the prisoner's] future health or safety." *Id*. at 1289. Restrictive or harsh conditions alone do not rise to the level of an Eighth Amendment violation. *See Id*. The Eighth Amendment only guarantees that prisoners are provided with a "minimal civilized level of life's basic necessities." *Id*.

Second, under the subjective component, "the prisoner must show that the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue." *Id*. To satisfy this component, the prisoner must show that the prison officials had subjective knowledge of a risk of serious harm and disregarded that risk through conduct that is more than mere negligence. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003).

Plaintiff satisfies the objective and subjective components of an Eighth Amendment claim. Being denied lunch and dinner over a five-day period would violate the Eighth Amendment duty to provide adequate food. Likewise, a denial of running water, preventing the Plaintiff from flushing the toilet over a five-day period, would violate the Eighth Amendment duty to provide

adequate shelter. Plaintiff has also alleged that Defendants Gorman, Hamm, and Randt deliberately choose not to feed him lunch and dinner and turned off the water in his cell. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Gorman, Hamm, and Randt for denial of food and running water may proceed.

### B. Denial of Medical Care

Plaintiff contends that Defendants Gorman, Randt, and Lawrence were deliberately indifferent to his serious medical needs and violated his Eighth Amendment rights. ECF No. [1] at 7. Plaintiff correctly notes that the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *See Farmer*, 511 U.S. at 832. The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To prevail on a claim of deliberate indifference to medical needs, a plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; (2) a subjective component, by showing the official acted with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See id.* at 104-05.

The objective component requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187 (1994) (citations omitted), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th

Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow*, 320 F.3d at 1243 (citations and quotation marks omitted).

Under the subjective component, the prisoner must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer*, 511 U.S. at 834.

Plaintiff has stated a prima facie claim for deliberate indifference against Defendants Gorman, Randt, and Lawrence. He alleges that after cutting himself 86 times resulting in serious injury, Defendants Gorman, Randt, and Lawrence witnessed the cuts and bleeding every time they did their security checks but declined to provide medical treatment. Plaintiff alleges that he did not receive medical treatment until after the shift change. Plaintiff's claim against Defendants Gorman, Randt, and Lawrence for deliberate indifference to serious medical needs can proceed.

### C. Deliberate Indifference

Plaintiff alleges that while he was in the SHOS, Defendant Gorman told Plaintiff to kill himself and gave him a sharp metal object. Deliberate indifference "is a question of whether a defendant was deliberately indifferent to an individual's mental condition and the likely consequences of that condition." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1117 (11th Cir. 2005). Plaintiff has stated sufficient facts to plead a deliberate indifference claim against Defendant Gorman for Defendant's alleged actions in telling Plaintiff to kill himself and giving him a sharp metal object with which to do so. The facts alleged give rise to a plausible claim for deliberate indifference in violation of the Eighth Amendment.

### V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's individual capacity deliberate indifference and Eighth Amendment

claims for denial of food and running water against Defendants Gorman, Randt, and Hamm **SHALL PROCEED**.

2. Plaintiff's individual capacity deliberate indifference and Eighth Amendment claims for denial of medical care against Defendants Gorman, Randt, and Lawrence **SHALL PROCEED**.

3. Plaintiff's individual capacity deliberate indifference and Eighth Amendment claims for facilitating Plaintiff's self-harm against Defendant Gorman **SHALL PROCEED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Michael L. Hogan
V21612
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013
PRO SE