UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14328-BLOOM

MICHAEL L. HOGAN,

    Plaintiff,

v.

SGT. GORMAN, *et al.*,

    Defendants.
_____/

**OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Randant's Motion to Dismiss, ECF No. [34], and Defendant Hamm's Motion to Dismiss, ECF No. [45]. The Court has considered the Defendants' Motions to Dismiss, the entire record, and is otherwise fully advised.[1] For the reasons explained below, the Court grants the Defendants' Motions to Dismiss.

**I.  Background**

On October 17, 2022, Plaintiff filed an Amended Complaint, ECF No. [7].[2] Therein, Plaintiff alleges that Defendant Gorman acted with deliberate indifference "in giving Plaintiff a sharpened piece of metal and telling Plaintiff to kill himself." *Id.* at 7.[3] Plaintiff further alleges Defendants Gorman, Randant, and Lawrence denied him medical care "for Plaintiff's 86 cuts and ongoing treatment for his broken right forearm" and that Defendants Gorman, Hamm, and Randant

---

[1] The Plaintiff has not filed a response and the time to do so has passed. *See* ECF No. [40] at 2 ("Plaintiff shall provide an opposing motion to prison authorities for mailing by **April 20, 2023**." (emphasis in original)).

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Case No. 22-cv-14328-BLOOM

denied Plaintiff food and water in violation of the Eighth Amendment of the United States Constitution. *Id*. at 6. Plaintiff states that "The Office of the Inspector General also has copies of all the 6/19/21 to 6/23/21, audio/video recordings due to the grievances filed[.]" *Id.*

## II. Standard of Review

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in the plaintiff's favor. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All*., 304 F.3d 1076, 1084 (11th Cir. 2002). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel

Case No. 22-cv-14328-BLOOM

for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Courts generally "do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). However, there is an exception when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citation omitted). Furthermore, courts may consider "matters of which a court may take judicial notice" when ruling on a 12(b)(6) motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III.  Discussion

Defendant Randant and Defendant Hamm move for dismissal of Plaintiff's Amended Complaint, contending that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). *See generally* ECF Nos. [34], [45]. A prisoner "may not bring any action absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (cleaned up). "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the [prison's] administrative process." *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (cleaned up).

Here, Plaintiff refers in his Amended Complaint "to the grievances [he] filed," ECF No. [7] at 6, and Defendant Randant has attached "Plaintiff's grievances received by the FDOC's Bureau of Inmate Grievance Appeals from January 2021, through December 2022" to his Motion to Dismiss. ECF No. [34] at 3. Review of those grievances reveals that the only grievance appeals

Case No. 22-cv-14328-BLOOM

received by the Bureau of Inmate Grievance Appeals were Appeal Nos. 21-6-21768 and 21-6-22718. ECF No. [34-1] at 3. Among those—according to a declaration by Alan McManus, Bureau Chief, Policy Management and Inmate Appeals, Florida Department of Corrections—Appeal No. 21-6-21768 made unrelated allegations against a correctional officer who is not named in this action. *See id*. at 2. The other appeal, No. 21-6-22718, was returned without action to Plaintiff for "non-compliance with Chapter 33-103, Inmate Grievance Procedure[.]" *Id.* at 6. Specifically, the "request for administrative appeal address[ed] more than one issue and/or complaint." *Id.* Additional grievances, both informal and formal, were filed by Plaintiff, *see id.* at 17-20; however, none of them were appealed, which is required under the Fla. Admin. Code 33-103.011. *See Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citing Fla. Admin. Code. §§ 33-103.005 – 103.007) (explaining that, in Florida, a prisoner must (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the institution's warden, and (3) submit an appeal to the Secretary of the Florida Department of Corrections); *see also Dimanche v. Brown*, 783 F.3d 1204, 1211 (11th Cir. 2005).

Plaintiff has failed to properly exhaust his administrative remedies through the FDOC's grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 81 (2006) (Proper exhaustion requires "using all steps that the agency holds out, and doing so *properly.*" (citation omitted, emphasis in original)). Accordingly, the Amended Complaint must be dismissed. Additionally, "[b]ecause Plaintiff failed to exhaust his administrative remedies as required under the PLRA, granting him an opportunity to amend indeed is futile." *Shabazz v. Baker*, 2022 WL 2904868 at *5 (M.D. Fla. 2022); *see also Reyle v. Clay Cty. Jail*, 2018 WL 2197782 at *2 (M.D. Fla. 2018) (dismissing complaint and finding amendment would be futile given an inmate's failure to exhaust his administrative remedies).

Case No. 22-cv-14328-BLOOM

## IV.   Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Randant's Motion to Dismiss, **ECF No. [34]**, and Defendant Hamm's Motion to Dismiss, **ECF No. [45]**, are **GRANTED**. All claims in Plaintiff's Amended Complaint, **ECF No. [7]**, are **DISMISSED**. Accordingly, all remaining motions are denied as moot, Defendants' deadlines are **TERMINATED**,[4] and the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Michael L. Hogan
V21612
Jackson Correctional Institution
Inmate Mail/Parcels
5563 10th Street
Malone, FL 32445
PRO SE

---

[4] Although Defendant Gorman and Defendant Lawrence have not filed motions to dismiss, the case is dismissed as to all Defendants and claims because Plaintiff failed to exhaust administrative remedies.